O. P. LUTZ FURNITURE COMPANY, INC. v. DIXIE HOME STORES, A
CORPORATION, AND ROBERT A. GIBBONS AND HENRY M. SMITH, T/A
GIBBONS & SMITH.

(Filed 30 June, 1955.)

APPEAL by defendants from *McSwain, Special Judge,* November
Term 1954 of CALDWELL.

Civil action to recover compensatory and punitive damages for the
destruction by fire on 12 February 1952 of furniture and of a building,
and for the loss of rent of said building, allegedly caused by the negli-
gent wiring and installation of electrical fixtures and by the negligent
failure to have the wiring and fixtures inspected and approved before
turning on electrical current.

Prior to answer or demurrer, or before an extension of time to plead
is granted, each defendant made separate motions to strike and to make
more definite certain parts of the Complaint. The Trial Court entered
separate orders denying the separate motions *in toto.*

From the orders entered, each of the defendants appealed, assigning
error.

*W. H. Strickland and Alfred R. Crisp for Plaintiff, Appellee.*

*Adams & Adams and Mull, Patton & Craven for Defendant, Appel-*
*lant Dixie Home Stores.*

*Townsend & Todd for Defendant, Appellant Gibbons & Smith.*

PARKER, J. The questions of law presented for our determination in
the present case are identical with the questions of law presented for
determination in *Lutz Industries, Inc. v. Dixie Home Stores, a corpora-*
*tion, and Robert A. Gibbons and Henry M. Smith, t/a Gibbons &*
*Smith, ante,* 332. It was the same fire; the allegations of the Complaint
are substantially identical, except as to allegations of damages; the
defendants are the same, and their briefs are practically verbatim; and
the plaintiff's briefs contain substantially the same argument.

What is said in that opinion is controlling here. Therefore, it is
ordered:

*One.* The assignments of error of the Dixie Home Stores Nos. 3, 4
and 8, and the assignments of error of Gibbons & Smith Nos. 3, 4 and 8
are overruled, except that in each defendant's assignment of error No. 3
the words: "and also which has been adopted by the City of Lenoir"
appearing in Paragraph 7 of the Complaint, will be stricken.

*Two.* The assignments of error Nos. 1, 2, 7 and 10 of the Dixie
Home Stores, and assignments of error Nos. 1, 2, 7 and 10 of Gibbons
& Smith are sustained.

*Three.* The assignment of error No. 11 of each defendant is overruled.

All other assignments of error have been abandoned by the defendants.

The National Electrical Codes of 1935, 1940 and 1951 consist of over 300 pages for each year. The plaintiff shall be required by the Superior Court to amend its complaint, and to specifically plead the parts of the National Electrical Code upon which it relies and the year of the Code.

The orders entered, in accordance with this opinion, will be

Modified and Affirmed.